UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARCELLUS BUTLER,

    Plaintiff,

v.

CDCR, L. WOLCOTT, B. WEBSTER,

    Defendants.

NO. CV-08-0857-RHW

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE**

Before the Court is Plaintiff's Motion to Compel (Ct. Rec. 13).  The motion was heard without oral argument.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense  . . . .  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  For document production requests, responding parties must produce documents which are in their "possession, custody or control."  Fed.R.Civ.P. 34(a)(1).

If Defendants object to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Ordinarily, Plaintiff must inform the Court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendants' objections are not justified.

In his motion, Plaintiff challenges the response provided by Defendants. Each of Plaintiff's challenges will be addressed in turn.

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE** ~ 1

**1.   Interrogatory No. 2**

In Interrogatory No. 2, Plaintiff requested Defendants to provide him with a brief draft of the CDCR's policies for ADA inmates in emergencies. Defendants objected to the request because the information it seeks is not relevant to Plaintiff's claim and the question is overly broad and burdensome. The Court agrees. Plaintiff's claims are based on Wolcott's and Webster's failure to clean up water that had accumulated on the floor. Plaintiff is not seeking relief under the ADA. Moreover, it is not clear the time period in question, the type of emergency, or the particular situation. Thus, the request is overbroad.

**2.   Interrogatory No. 5**

In interrogatory No. 5, Plaintiff requested:

> Please describe in as much detail as possible the complete circumstances surrounding your determinations in forcing Plaintiff and similarly situated inmates at High Desert State Prison, with ADA Mobility Impairment, to traverse the chow hall floor while it was wet with no warning signs.

Defendants denied forcing Plaintiff to traverse the chow hall floor. Plaintiff disagrees with Defendant's assertions, but such a disagreement is not a basis for a motion to compel.

**3.   Request for Production**

Plaintiff asserts that Defendants refused to provide Plaintiff with any documents that were requested. Requests No. 1 and 2 seek documents pertaining to ADA inmates and their movement. Defendants objected on the ground that these requests were overly broad in scope and time, burdensome, and irrelevant. The Court agrees.

Request 3 seeks all documents that evidence, mention, or refer to the Plaintiff's constitutional injuries suffered between July 4, 2007 all the way to the present time, as well as documents relating to subsequent inmate and staff complaints and discipline. This request is too broad and seeks information that is protected by the right to privacy.

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE ~ 2**

1    Request 4 seeks the complete contents of Plaintiff's prison file, including
2 institutional complaints, incident reports, evaluations, and mental health records.
3 Defendants report that Plaintiff can review his files through his prison counselor.
4    Request 5 seeks documents regarding Defendants' work conduct or
5 disciplinary history.  This information is privileged and protected, and not
6 necessarily relevant to Plaintiff's claim, and the request is overbroad.
7    Request 6 and 7 seek documents relating to all slip and fall incidents.  These
8 requests are overbroad, may infringe on the privacy rights of CDCR inmates and are
9 not relevant to Plaintiff's claim.
10    Request 8 seeks documents, evidence, statements and affidavits that relate to
11 the allegations made in Plaintiff's complaint.  This request is overbroad.
12    Request 9 seeks documents regarding insurance agreements.  This request
13 seeks information that is not relevant or reasonably calculated to lead to the
14 discovery of admissible evidence.

**Sanctions**

16    Pursuant to Fed. R. Civ. P. 37(a)(5)(B), if a motion to compel is denied, the
17 court must, after giving an opportunity to be heard require the movant to pay the
18 party who opposed the motion its reasonable expenses incurred in opposing the
19 motion, including attorney's fees.  The Court must not order this payment if the
20 motion was substantially justified or other circumstances make an award of
21 expenses unjust.
22    Here, the Court does not find that Plaintiff's motion to compel was
23 substantially justified.  Therefore, Defendants are directed to submit briefing with
24 respect to the reasonable fees and expenses associated with defending the motion.
25    Accordingly, **IT IS HEREBY ORDERED**:
26    1.  Plaintiff's Motion to Compel (Ct. Rec. 13) is **DENIED**.
27    2.  A telephonic status conference is set for **June 30, 2010**, at 8:30 a.m.  The
28 parties are directed to call the Court conference line, (509) 458-6382, at the

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE** ~ 3

appropriate time.  Counsel for Defendants is ordered to make the proper arrangements so that Plaintiff can participate telephonically at the Scheduling Conference.

3.   No later than fourteen (14) days before the scheduling conference, the parties should meet and confer to discuss the nature and basis of their claims and defenses, and the possibilities for a settlement of this case.   No later than ten (10) days before the scheduling conference, the parties shall submit a joint status certificate that provides the following:

    a.    The parties' recommended trial date and length of trial;

    b.    Appropriateness of any special procedures;

    c.    Modification of the standard pretrial procedures due to the relative simplicity or complexity of the action or proceeding;

    d.    Feasibility of bifurcation, or otherwise structuring sequence of the trial;

    e.    The prospects of settlement, addressing whether there will be a point in the litigation, short of discovery cut-off, when the parties can conduct meaningful settlement discussions or participate in another form of alterative dispute resolution;

    f.    Any other matters which may be conducive to the just, efficient, and economical determination of the action or proceeding, including the definition or limitation of issues.

The following deadline dates will be outlined in an Order after the scheduling conference.  Be prepared to discuss these deadlines if there are any changes.

| | |
|---|---|
| Discovery cutoff: | 139 days before trial |
| Plaintiffs' expert witnesses: | 60 days before discovery cutoff |
| Defendants' expert witnesses: | 30 days before discovery cutoff |
| Rebuttal expert witnesses: | 15 days before discovery cutoff |
| Dispositive motions: | 110 days before trial |
| Exhibit/witness lists: | 45 days before trial |
| Motions in limine: | 35 days before trial |

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE** ~ 4

| | |
|---|---|
| Pretrial Order: | 14 days before pretrial conference |
| Pretrial Conference: | 17 days before trial |
| Trial briefs | 25 days before trial |
| Jury instructions, voir dire | 25 days before trial |

4.   Within ten (10) days from the date of this Order, Defendants are directed to submit briefing with respect to the reasonable fees and expenses associated with the bringing of this motion.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order and forward copies to Plaintiff and counsel.

**DATED** this 14th day of May, 2010.

*s/Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

C:\WINDOWS\Temp\notes101AA1\deny.compel.com.wpd

**ORDER DENYING MOTION TO COMPEL; SETTING TELEPHONIC STATUS CONFERENCE** ~ 5