UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

MARCELLUS BUTLER,

   Plaintiff,

v.

CDCR, L. WOLCOTT, B. WEBSTER,

   Defendants.

NO. CV-08-0857-RHW

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS**

Before the Court is Defendants' Motion for Summary Judgment (Ct. Rec. 23). The motion was heard without oral argument.

On February 8, 2008, Plaintiff filed an action in the Lassen County Superior Court. Defendants removed the action to the Eastern District of California on April 22, 2008, asserting that removal was proper because Plaintiff was asserting an Eighth Amendment claim under 42 U.S.C. § 1983.

In their motion, Defendants argue that Plaintiff cannot sustain a § 1983 claim against Defendants because he cannot show that Defendants acted with deliberate indifference to his safety needs. Defendants also assert that they are entitled to qualified immunity.

### STANDARD OF REVIEW

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). There is no genuine issue

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 1**

for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The moving party has the initial burden of showing the absence of a genuine issue of fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets it initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 325; *Anderson*, 477 U.S. at 248.

In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington Law School*, 233 F.3d 1188, 1193 (9th Cir. 2000). The moving party is entitled to judgment as a matter of law when the non-moving party fails to make a sufficient showing on an essential element of a claim on which the nonmoving party has the burden of proof. *Celotex*, 477 U.S. at 323.

When considering a motion for summary judgment, a court may neither weigh the evidence nor assess credibility; instead, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255.

**BACKGROUND FACTS**

Plaintiff is an inmate confined at High Desert State Prison ("HDSP"). Defendant Webster is a Supervising Cood at HDSP; Defendant Wolcott is a Sergeant on A Facility at HDSP.

On July 4, 2007, Plaintiff slipped and fell while dumping his food tray after dinner. There was water on the floor that caused Plaintiff to slip.

Just before Plaintiff slipped and fell, Defendant Wolcott was outside the A Facility dining hall, performing pat down searches of inmates as they entered and exited the dining hall. Before the fall, Wolcott did not know that there was any water on the floor in the area where Plaintiff fell. At that time, Defendant Webster was working in the A Facility kitchen area. From where she was working, Webster

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 2**

could see the general area where Plaintiff slipped, but not the floor.  Before the fall, Webster did not know that there was any water on the floor in the area where Plaintiff fell.

The area where Plaintiff fell has a slanted floor that permits water to drain from the area.  In addition, the floor is covered with a textured-cement-like tile, designed to provide traction and make it not slippery, even when wet.

Before Plaintiff slipped, he saw water on the floor, but did not tell anyone that the floor was wet.  He believed that if he had, someone would have mopped up the floor.

## QUALIFIED IMMUNITY

Defendants argue that they are entitled to qualified immunity.  Prison officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *James v. Rowland*, 606 F.3d 646, 649 (9th Cir. 2010).  The Court may grant qualified immunity if "the facts that a plaintiff has alleged or shown [do not] make out a violation of a constitutional right" or if "the right at issue was [not] 'clearly established' at the time of defendant's alleged misconduct." *Id.* (*quoting Pearson v. Callahan*, __ U.S. __, 129 S.Ct. 808, 818 (2009)).

## SECTION 1983 CLAIMS

Plaintiff alleges that Defendants Wolcott and Webster were deliberately indifferent to his safety needs.  In *Farmer v. Brennan*, the Supreme Court held that prison officials may be liable under the Eighth Amendment if he or she is "deliberately indifferent" to a substantial risk of serious harm to an inmate.  511 U.S. 825, 829 (1994).  It is well-established that "deliberate indifference" entails something more than mere negligence.  *Id.*  In explaining the level of culpability required to establish deliberate indifference, the Supreme Court stated,

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 3**

>health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*

An inmate may be able to sustain an Eighth Amendment claim if he or she presents evidence showing that a substantial risk to the inmate was "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it. *Id.* n. 8. If this were the case, such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk." *Id.* However, it is not enough for the trier of fact to merely find that a reasonable person would have known, or that the defendant should have known.

In *Frost v. Agnos*, the Ninth Circuit noted that in certain situations, slippery floors without protective measures could create a sufficient danger to support a constitutional claim. 152 F.3d 1124, 1129 (9th Cir. 1998). In that case, the inmate has been on crutches and had fell and injured himself several times while showering and the prison guards were aware of this. *Id.* The Circuit noted that the prison could have taken reasonable measures to assist the inmate in showering safely, including providing a chair in the shower, a handicapped bar, or extra guards to assist him. *Id.* Notably, in that case, the inmate also alleged that he slipped several times as he attempted to carry his food-tray while balancing himself on crutches. With respect to this claim, the Circuit held that the inmate failed to provide evidence of deliberate indifference because he never informed the defendants that he was having trouble with his food tray, and the risk was not obvious enough to infer subjective awareness of a substantial risk of harm. *Id.* at 1130.

In *Reynolds v. Powell*, the Tenth Circuit noted that generally, a slip and fall case, without more, does not amount to cruel and unusual punishment, but acknowledged that such a claim would be established where there was sufficiently

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 4**

special or unique circumstances that required the court to depart from the general rule barring Eighth Amendment liability in prison slip and fall cases. 370 F.3d 1028, 1032 (10th Cir. 2004). In that case, the inmate used crutches and he had specifically warned defendants that he was at a heightened risk of falling prior to the incident. *Id.* The Circuit concluded that the hazard encountered by the plaintiff was no greater than the daily hazards faced by any member of the general public who is on crutches, therefore, there was nothing special or unique about the plaintiff's situation that would permit him to constitutionalize what was otherwise only a state-law tort claim. *Id.*

In support of their Motion for Summary Judgment, Defendants state in their Declaration that they did not see any water on the floor nor did they believe that the area was dangerous. In his response, Plaintiff challenges these assertions and argues that more discovery is needed to find out exactly what the Defendant's responsibilities were on that day. Defendants point out that Plaintiff requested and received this discovery two years ago. Moreover, the requested discovery would not lead to relevant information.

As set forth above, in order to establish his Eighth Amendment claim and elevate his "slip and fall" claim into a constitutional violation, Plaintiff has to show that Defendants were deliberately indifferent to his safety needs. To do this, Plaintiff will need to show that the existence of water on the dining room floors rose to the level of a condition posing a substantial risk of serious harm to inmate health or safety. *Farmer,* 511 U.S. at 834. Plaintiff has failed to establish a disputed material fact with regard to this issue.

Plaintiff submitted declarations from kitchen workers who stated the kitchen crew had been having problems with the over-flow of water, food, and soap to the dining area, due to the design and the need to transport dripping cups and dishes to and from the dining and kitchen area. However, these declarations do not create a question of material fact regarding his deliberate indifferent claim because they do

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 5**

not establish the subjective intent of Defendants to harm Plaintiff.

The undisputed facts are materially indistinguishable from the facts set forth in *Reynolds*. As noted in that case, federal courts have consistently held that slippery prison floors do not violate the Eighth Amendment. *See LeMaire v. Maass,* 12 F.3d 1444, 1457 (9th Cir.1993) (noting that "slippery prison floors . . . do not state even an arguable claim for cruel and unusual punishment") (quotation omitted); *Denz v. Clearfield County,* 712 F. Supp. 65, 66 (W.D.Pa.1989) (finding no Eighth Amendment violation based on slippery floor in prison cell); *Mitchell v. West Virginia,* 554 F.Supp. 1215, 1216-17 (N.D.W.Va.1983) (finding no Eighth Amendment violation based on slippery floor in prison dining hall); *Robinson v. Cuyler*, 511 F.Supp. 161, 162, 163 (E.D.Pa.1981) (finding no Eighth Amendment violation based on slippery floor in prison kitchen); *Tunstall v. Rowe,* 478 F.Supp. 87, 88, 89 (N.D.Ill.1979) (finding no Eighth Amendment violation based on greasy prison stairway); *Snyder v. Blankenship,* 473 F.Supp. 1208, 1209, 1212-13 (W.D.Va.1979) (finding no Eighth Amendment violation based on pool of soapy water from leaking dishwasher in prison kitchen), *aff'd*, 618 F.2d 104 (4th Cir. 1980). Likewise, the undisputed facts in this case are clearly distinguishable from *Frost*. In that case, the plaintiff had fallen numerous times and the record established that the prison guards were aware of this, as opposed to the isolated incident in this case.

Moreover, it is well established that a supervisor cannot be held liable under § 1983 on a theory of *respondeat superior*. *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001); *Hansen v. Black*, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisor may be liable under § 1983 for actions taken by his or her supervisees if there exists either "(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Id.* Plaintiff has failed to establish a genuine issue of material fact with respect to either prong.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS** ~ 6

Plaintiff has failed to establish that a reasonable jury would find that his constitutional rights were violated by Defendants Butler and Wolcott. As such, Defendants are entitled to qualified immunity and summary judgment in favor of Defendants is appropriate.

## SUPPLEMENTAL JURISDICTION

Plaintiff has also alleged a number of state claims. The Court declines to extend supplemental jurisdiction to the remaining state claims. Therefore, the state claims are remanded to Lassen County Superior Court. See 28 U.S.C. § 1367(c); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine— judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

## ATTORNEYS' FEES

In a previous Order, the Court directed Defendants to submit a cost bill related to Plaintiff's unsuccessful Motion to Compel. In their cost bill, Defendants indicate that 19.5 hours was expended on responding to the motion to compel. As the Declaration of Ms. Barlow indicates, however, this figure was not based on billing records. Defendants did not submit an itemized billing record. Ms. Barlow also indicated that the Office of the Attorney General charges the California Department of Corrections and Rehabilitation a flat yearly fee for the work that the Correctional Law Section performs for the Department. Moreover, Defendants did not file a Declaration of the attorney who actually worked on the case. There is nothing in the record for the Court to determine whether the requested fees are reasonable. As such, the Court declines to award attorneys fees in relation to Plaintiff's Motion to Compel.

Accordingly, **IT IS HEREBY ORDERED**:

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS** ~ 7

1.   Defendant's Motion for Summary Judgment is **GRANTED**.

2.   Judgment is entered in favor of Defendants and against Plaintiff on Plaintiff's Eighth Amendment claim.

3.   The Court declines to exercise supplemental jurisdiction over the remaining state claims.  The Court **remands** the state law claims to the Lassen County Superior Court.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to Plaintiff and counsel and **close the file**.

**DATED** this 1st day of July, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

C:\WINDOWS\Temp\notes101AA1\sj.wpd

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT; REMANDING STATE CLAIMS ~ 8**